IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEVIN C. HAYES,
    Petitioner,

vs.                                           Case No.:  4:15cv611/MW/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.     BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial on December 3, 2004, Petitioner was convicted in the Circuit Court in and for Leon County, Florida, of burglary with an assault, false imprisonment, and felony battery (*see* ECF No. 1 at 1–2).[1] On February 22, 2005, he was sentenced as a prison releasee reoffender to life imprisonment (*see id.*). The Florida First District Court of Appeal affirmed the judgment on January 13, 2006. *See* Hayes v. State, 920 So. 2d 2 (Fla. 1st DCA 2006) (Table). In 2010, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* ECF No. 1 at 12). *See* Hayes v. Dep't of Corr., Case No. 4:10cv339/RH/WCS, Petition (N.D. Fla. Aug. 12, 2010). The district court, adopting the report and recommendation of the magistrate judge, dismissed the petition with prejudice as untimely. *See id.*, Report and Recommendation (N.D. Fla. Mar. 11, 2011), Order (N.D. Fla. Apr. 19, 2011).

Petitioner filed the instant § 2254 petition on or about December 17, 2015 (ECF No. 1). He challenges the same state court judgment on the ground that he is actually innocent of the burglary charge, and his conviction was the result of "fraudulent" testimony of the victim, Lashanda Bell (*id.* at 5, 8). Because Petitioner admitted on the § 2254 petition form that he previously filed a § 2254 petition (*see id.* at 12), the

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

undersigned issued an order on December 29, 2015, advising Petitioner of the statutory requirement that "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (ECF No. 5 (citing 28 U.S.C. § 2244(b)(3)(A)). The undersigned directed Petitioner to demonstrate he had obtained the requisite certification from the Eleventh Circuit (*see id.*). Petitioner filed a response to the order, in which he repeats his claim of actual innocence and requests permission, from this district court, to file a successive habeas petition (ECF No. 7, attached Request for Court to Authorize Second or Successive Habeas Corpus Application).

II.  ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or

successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2010 petition qualified as a first petition for the purpose of determining successor status, because the 2010 federal petition was dismissed with prejudice as untimely.[2] *See* McNabb v. Yates, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (holding

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later §

that dismissal of first § 2254 petition as untimely constitutes merits disposition and renders later petition second or successive); Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). *Cf.* Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that petitioner's first § 2254 petition was dismissed with prejudice as untimely, and that court of appeals had authorized petitioner to file a second or successive § 2254 petition). Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner's request for authorization from this district court to file a second or successive habeas petition does not save his petition from dismissal, because Petitioner is required to obtain authorization from the Eleventh Circuit before filing his present petition. Petitioner's failure to do so operates as a jurisdictional bar

---

2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 4:15cv611/MW/EMT

that precludes this district court's consideration of the merits of the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152, 157; Fugate, 310 F.3d at 1288.

III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No.:  4:15cv611/MW/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's habeas petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. That a certificate of appealability be **DENIED**.

3. That the clerk be directed to close the file and to send Petitioner the Eleventh Circuit's form application for leave to file a second or successive § 2254 petition.

At Pensacola, Florida, this 27th day of January 2016.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**